J-S21031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLIFTON PARKER, | |
| Appellant | No. 2432 EDA 2014 |

Appeal from the PCRA Order August 4, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0608821-2001

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 21, 2015**

Appellant, Clifton Parker, appeals *pro se* from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We summarize the procedural history of this case as follows.  On March 11, 2004, a jury convicted Appellant of one count each of second-degree murder, attempted murder, aggravated assault, robbery, and theft by unlawful taking, and three counts of criminal conspiracy for his participation in a crime spree in Philadelphia, Pennsylvania on April 8, 2001.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 901, 2702, 3701, 3921, and 903, respectively. Appellant was charged under three separate criminal actions that were consolidated for trial.

On May 3, 2004, the court sentenced Appellant to the mandatory term of life imprisonment without parole followed by an aggregate term of not less than twenty nor more than forty years' incarceration.

Appellant timely filed a *pro se* direct appeal on May 6, 2004. Appellant's counsel filed a post-sentence motion on May 11, 2004, which the sentencing court dismissed as moot on July 28, 2004 because of the pending *pro se* appeal. The trial court appointed new counsel on May 21, 2004. On May 5, 2005, this Court affirmed the judgment of sentence. (**See Commonwealth v. Parker**, 880 A.2d 10 (Pa. Super. 2005) (unpublished memorandum)). The Pennsylvania Supreme Court denied leave to appeal on December 29, 2005. (**See Commonwealth v. Parker**, 892 A.2d 822 (Pa. 2005)).

On August 31, 2006, Appellant timely filed his first *pro se* PCRA petition positing claims of ineffective assistance of counsel. The PCRA court appointed counsel on November 21, 2006. Initially, on May 4, 2007, counsel filed a **Turner/Finley** no merit letter.[2] However, counsel filed an amended

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel only addressed the issue of the failure to call alleged alibi witnesses.

PCRA petition on June 25, 2007.[3] The PCRA court held a hearing and ultimately denied relief on November 1, 2007.

Appellant timely appealed on November 5, 2007. On April 14, 2010, this Court affirmed the PCRA court's denial of relief. (*See Commonwealth v. Parker*, No. 2925 EDA 2007 (Pa. Super. filed April 14, 2010) (unpublished memorandum)). The Pennsylvania Supreme Court denied Appellant's *pro se* petition for allowance of appeal on October 5, 2010. (*See Commonwealth v. Parker*, 8 A.3d 343 (Pa. 2010)).

On July 19, 2012, Appellant filed a second *pro se* PCRA petition and a supplement on August 15, 2012.[4] The PCRA court notified Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on July 7, 2014. *See* Pa.R.Crim.P. 907. Appellant filed a *pro se* response on July 22, 2014. The

_____

[3] Appellant's counseled PCRA petition incorporated by reference the claims made in his *pro se* petition and raised the issue of whether a new trial was warranted based on newly discovered exculpatory evidence.

[4] We note that Appellant titled these filings as a *Writ of Habeas Corpus*. The PCRA court found that "[t]he [PCRA] is the exclusive vehicle for obtaining post-conviction relief and this is true regardless of the manner in which the petition is titled. Therefore, [the PCRA] court will treat the instant motion as a PCRA [petition]." (PCRA Court Opinion, 8/04/14, at 1 n.1) (citation and quotation marks omitted); *see Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). We agree and will treat the filings as Appellant's second *pro se* PCRA petition.

PCRA court dismissed the petition as untimely on August 4, 2014 with an accompanying opinion. Appellant timely appealed on August 20, 2014.[5]

Appellant raises the following issue for our review: "Whether Appellant is entitled to a remand to the PCRA court for an evidentiary hearing as the findings of the PCRA court are frought [sic] with error and have deviated from the legal standard?" (Appellant's Brief, at 3) (most capitalization omitted).

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> > [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to

_____

[5] The PCRA court did not order Appellant to file a Rule 1925(b) statement. It entered its Rule 1925(a) opinion on September 8, 2014 incorporating its August 4, 2014 opinion. ***See*** Pa.R.A.P. 1925.

examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

\* \* \*

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.] This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

***Commonwealth v. Miller***, 102 A.3d 988, 992-93 (Pa. Super. 2014)

(citations and quotation marks omitted).

Section 9545 of the PCRA states in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 5 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

Here, Appellant's judgment of sentence became final on March 29, 2006 when the time to seek discretionary review in the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by March 29, 2007. Because the underlying petition was filed on July 19, 2012, it is facially untimely and the PCRA court lacked jurisdiction to review it unless Appellant pleaded and proved one of the statutory exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1).

Appellant asserts that the PCRA court erred in dismissing his petition as untimely because his claim fell within the newly discovered facts exception to the time bar. Specifically, he argues that "[i]t was only after this [s]cience [of brain development not being complete until a person is in his or her mid-twenties] was revealed [in *Miller v. Alabama*, 132 S.Ct. 2455 (2012),] did Appellant learn its relavance [sic] to him." (Appellant's Brief, at 9). He further argues that this new science "could have been

utilized to support mitigation and/or . . . undermine [his] responsibility . . . [and the counsel's failure to advance the claim was] [in]effective assistance of counsel . . . ." (*Id.* at 11). We disagree.

Our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." As the Court noted:

Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule. Put another way, a "fact," as distinguished from the "law," is that which is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law. Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

*Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. 2012) (quoting *Commonwealth v. Watts*, 23 A.3d 980, 986-87 (Pa. 2011)). Accordingly, *Miller v. Alabama* does not provide Appellant relief because the science mentioned in subsequent decisional law is not a new fact under the PCRA. *See id.*

Accordingly, Appellant has failed to plead and prove an exception to the PCRA time bar; the PCRA court properly dismissed Appellant's petition as untimely and we lack jurisdiction to consider the merits of his petition. *See Miller*, *supra* at 992-93.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2015